IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| ANTHONY FRANCOIS MORET, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 626-036 |
| | ) | |
| WARDEN MARK AGBAOSI, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**O R D E R**

_____

Petitioner has filed an action under 28 U.S.C. § 2241 and seeks to proceed *in forma pauperis*. Upon consideration, the Court **GRANTS** Petitioner's motion to proceed *in forma pauperis*. (Doc. no. 7.) However, for the reasons explained below, process shall not issue at this time.

In his petition, Petitioner states he is challenging how his sentence is being carried out, calculated, or credited by prison or parole authorities, as well as the validity of his conviction, and the lack of records relating to his conviction. (Doc. no. 1, pp. 1-2.) When asked to provide more information about the decision or action he is challenging, Petitioner argues that Tattnall County does not have a record of his "arrest, conviction, [or] sentence." (Id. at 2.) He raises Fourth, Eighth, and Ninth Amendment claims relating to the length of his incarceration. (Id. at 6-7.) However, he also brings a Fourteenth Amendment Claim for due process arguing that there were no findings of fact or conclusions of law for his incarceration. (Id. at 7.)

To the extent that Petitioner is challenging the Georgia Department of Corrections' calculation of his sentence, then a petition under 28 U.S.C. § 2241 may be appropriate. See Broxton v. Ga. Dep't of Corr., No. CV423-021, 2023 WL 3931966, at *2 n.2 (S.D. Ga. May 4, 2023). However, to the extent he is challenging his state court conviction, his petition would fall under 28 U.S.C. § 2254. Petitioner was convicted of murder in the Superior Court of Tattnall County for killing another inmate at Georgia State Prison with an ax and was sentenced to life imprisonment. Moret v. State, 246 Ga. 5 (1980). Based on the allegations in the petition, the exact nature of Petitioner's claims is unclear. It is, in turn, unclear as to whether he should proceed under § 2241 or § 2254. Moreover, given the ambiguity surrounding Petitioner's claims in the instant petition as described above, it is similarly unclear whether Petitioner has sufficiently exhausted his claims by raising the "same issues" in the state courts.

Petitioner should note that a challenge brought pursuant to § 2241 is subject to exhaustion requirements, and he must first exhaust his claim in the state courts before it will be heard in federal court. See Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015) (explaining exhaustion requirement in § 2241 case); Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262 n.4 (11th Cir. 2004) (noting applicability of exhaustion requirement to § 2241 petition challenging pretrial detention); see also Scocozzo v. Rhoden, No. 3:23-cv-1009, 2023 WL 6049173, at *1 (M.D. Fla. Sept. 1, 2023) (describing state exhaustion requirements for challenging allegedly improper extradition proceedings). "The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process." Cherry v.

2

Powell, No. 3:21cv1226, 2021 WL 5762774, at *2 (N.D. Fla. Nov. 3, 2021) (collecting cases and citations omitted), *adopted by* 2021 WL 5760438 (N.D. Fla. Dec. 3, 2021).

Therefore, the Court **DIRECTS** Petitioner, within twenty-one days of the date of this Order, to submit an amended § 2241 petition asserting his grounds for relief and clarifying the discrepancies detailed above.  Alternatively, Petitioner may file a petition under § 2255 if he seeks to challenge the validity of his conviction itself.  The Court **DIRECTS** the **CLERK** to include a 28 U.S.C. § 2241 habeas corpus form petition and a 28 U.S.C. § 2254 habeas corpus form petition stamped with this case number with Petitioner's service copy of this Order.  If Petitioner intends to proceed with a federal habeas corpus action, he must (1) use the appropriate federal habeas corpus form petition provided by the Clerk of Court with this Order, and (2) specify each ground on which he seeks relief and the facts that support each ground. The Court advises Petitioner his amended petition will supersede and replace the pleadings he originally submitted to the Clerk of Court in this Court.

If Petitioner fails to respond within twenty-one days in accordance with the terms of this Order, the Court will presume he wishes to dismiss the above-captioned petition and will recommend that this case be dismissed without prejudice.

SO ORDERED this 30th day of July, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3